2014 UT App 293

# THE UTAH COURT OF APPEALS

HARSHAD P. DESAI,
Petitioner,
*v.*
LABOR COMMISSION AND *GARFIELD SCHOOL DISTRICT*,
Respondents.

Per Curiam Decision
No. 20140524-CA
Filed December 18, 2014

Original Proceeding in this Court

Harshad P. Desai, Petitioner Pro Se

Sean D. Reyes and Peggy E. Stone, Attorneys for
Respondent Garfield School District

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE,
and KATE A. TOOMEY.

PER CURIAM:

¶1     Petitioner Harshad P. Desai seeks judicial review of the Utah Labor Commission's (the Commission) order denying his request for reconsideration of the dismissal of his discrimination claims against the Garfield School District (the District). We decline to disturb the Commission's decision.

¶2     In 2011, Desai applied to be superintendent of the District. After he was not hired, Desai filed a discrimination claim with the Division of Antidiscrimination and Labor (the Division) in which he alleged discrimination based upon religion, national origin, color, and race. He also alleged that the District retaliated against him due to his filing of an earlier discrimination complaint. The Division conducted an investigation of the allegations, and after

determining that the allegations were unsupported, the Division issued a determination and order for dismissal of the adjudicative proceeding. *See* Utah Code Ann. § 34A-5-107(4)(b) (LexisNexis 2011). The determination and order found "no reasonable cause" to conclude that Desai had been subjected to the alleged discriminatory practices. The Division determined that the District did not hire Desai because (1) the District contacted its legal representative and was told not to take any action on the application due to a 2009 settlement agreement between Desai and the District in an earlier discrimination case, and (2) Desai would not have been hired for the superintendent position because he did not have sufficient relevant experience and the person hired for the superintendent position was considerably more qualified.

¶3    Desai appealed the Division's decision and requested an evidentiary hearing before an Administrative Law Judge (the ALJ). *See id.* § 34A-5-107(4)(c) ("A party may make a written request to the Division of Adjudication for an evidentiary hearing to review de novo the . . . determination and order within 30 days of the date the determination and order for dismissal is issued."). Desai claimed only that the release provisions in the 2009 settlement agreement were invalid or unconstitutional and should not have been applied in the hiring process for superintendent. The District moved to dismiss the complaint for failure to state any claim because it lacked any factual allegations in support of its discrimination and retaliation claims. The ALJ stated that the only factual allegation in the pleadings filed in the de novo proceeding was "that a settlement agreement entered into between the parties in an earlier discrimination case is discriminatory and retaliatory because he is 'black listed' from future employment with" the District. The ALJ concluded that if the December 5, 2009 settlement agreement was the alleged discriminatory event, any claim regarding the settlement agreement fell outside the time period allowed by statute. *See id.* § 34A-5-107(1)(c) (requiring a request for agency action to "be filed within 180 days after the alleged discriminatory or prohibited employment practice occurred").

While Desai's complaint in the de novo proceeding did not allege that the adverse event was his not being hired for the superintendent position, the ALJ stated that "even if one reviews the pleadings in light of the adverse event being the application for the superintendent position, the Petitioner has failed to show any discriminatory acts by the school district in failing to hire him for the position." The ALJ dismissed the case for failure to state a viable claim and cancelled the evidentiary hearing.

¶4 Desai filed a timely motion for review of the ALJ's order by the Commission, again challenging only the validity of the provisions of the 2009 settlement agreement. The Commission affirmed the ALJ's decision, concluding that Desai did not present any claim with regard to not being hired as superintendent. Desai filed a motion to reconsider, which resulted in an Order Denying Request for Reconsideration that is the subject of the petition for judicial review before us. The Commission noted that Desai was represented by counsel when he entered the 2009 settlement agreement, although that agreement was not submitted to the Commission for approval. While Desai sought a decision invalidating the 2009 settlement agreement insofar as it precluded him from seeking employment with the District, the Commission stated that Desai "again fails to show how the Commission has any such authority to alter an agreement in which the Commission was not involved." Furthermore, the Commission concluded that while it had authority to determine whether the District discriminated against Desai when it decided not to hire him as superintendent, Desai "has not provided any evidence of a discriminatory motive for such hiring practice" and "the settlement agreement is not evidence of a discriminatory animus against Mr. Desai."

¶5 Desai's brief filed in this court challenges only the validity and constitutionality of the 2009 settlement agreement, including a claim that the agreement was "created for malice, vendetta, retaliation, coercion [and] personal gains." The Commission correctly notes that beginning with the de novo proceedings, Desai bore the initial burden to establish a prima facie case of

discrimination by the District in the hiring process for the superintendent position. However, as the decisions of the ALJ and the Commission demonstrate, his pleadings focused only on the allegedly invalid provisions of the 2009 settlement agreement rather than describing any allegedly discriminatory or retaliatory conduct in the 2011 hiring process. The Commission, and the ALJ before it, correctly determined that even if the Commission had jurisdiction to consider the challenge to the 2009 settlement agreement, that claim was untimely and could not be considered in this case. "Whether a party has failed to establish a prima facie case of employment discrimination is a question of law, which we review for correctness." *Kunej v. Labor Comm'n*, 2013 UT App 173, ¶ 15, 306 P.3d 855 (citations and internal quotation marks omitted). Desai failed to allege any facts that, if proven, would demonstrate that the District engaged in discriminatory or retaliatory conduct toward him in the hiring process for superintendent. His brief contains a significant amount of material that is clearly irrelevant to any claim that the District engaged in discriminatory practices when Desai was not hired for the superintendent position. The case was correctly dismissed.

¶6      Accordingly, we decline to disturb the Commission's decision.

———